Ellis Williams, Hugh Williams and Edward Williams, Plaintiffs, *v.* Hugh G. Williams, Defendant.

(Supreme Court, Schenectady Special Term, January, 1914.)

Venue — determined by residence of parties and not by locality — initial proceedings to be had at place of domicile.

Partnership — dissolution of — appointment of receiver — removal of books, records, papers and property of firm from principal office — violation of orders of court — contempt.

The venue of an action for the dissolution of a partnership, and for the appointment of a receiver, is determined by the residence of the parties and not by the locality of the partnership assets even though they include real estate, and initial proceedings should be had at the place of domicile and any other receivership should be ancillary thereto.

In an action for the dissolution of a partnership and for the appointment of a receiver it appeared that plaintiffs and defendant, all residents of this state, operated, under a lease in perpetuity, a quarry located in Vermont. On the day intervening between the granting and the service of an order appointing the receiver in proceedings instituted in this state, defendant, who had appeared by counsel and opposed the granting of said order, removed the books, records, papers and property of the firm from its principal office and place of business in this state to Vermont, and, upon being personally served in this state with a certified copy of the order appointing the receiver, refused to comply therewith. Thereafter defendant filed a bill in chancery in Vermont against plaintiffs herein for the dissolution of the partnership and for the appointment of a receiver. The papers in the action were served upon plaintiffs in this state and among them was an order of the

chancellor directing them to show cause before him why a receiver should not be appointed in Vermont. On the same day plaintiffs commenced a second action against defendant in this state perpetually restraining and enjoining him from prosecuting or taking any steps or proceeding in the action in Vermont. With the summons and complaint in plaintiffs' second action was personally served in this state an order to show cause with a preliminary injunction restraining defendant, until the return of said order, from prosecuting such action or taking any steps or proceedings therein. Defendant thereupon went to Vermont where he has since remained, and, notwithstanding said order, caused an amended bill of complaint to be filed in the Vermont suit and also appeared on the argument for the appointment of a receiver in that state and directed his attorneys therein. Plaintiffs on said argument by their attorneys sought to have the powers of the New York receiver extended to the property in Vermont, but a Vermont receiver was appointed. Held, that defendant had deliberately violated two orders of this court and was in contempt and that plaintiffs' motion to continue the injunction *pendente lite* should be granted.

MOTION to continue injunction *pendente lite*.

Edgar T. Brackett, for plaintiffs.

J. B. McCormick and Joseph A. Kellogg, for defendant.

WHITMYER, J. The parties to this action, at the time of the commencement thereof, were copartners in a quarry business. They resided in the village of Granville, county of Washington, in this state, where, also, were the principal office and the place of business of the copartnership. The quarry, operated under a lease in perpetuity, was in the town of Pawlet, county of Rutland, state of Vermont. The action is for a dissolution of the copartnership and for the appointment of a receiver. The summons and complaint therein

36

were served upon defendant personally in Granville
on November 15, 1913. An order appointing a re-
ceiver was thereupon granted by Mr. Justice Kellogg,
after a hearing upon which defendant appeared by his
attorney, who opposed. After qualifying, the receiver
served a copy of the order, with notice of entry, upon
defendant's attorney personally and a certified copy
thereof upon defendant personally within this state
and at the same time demanded compliance with the
order. Defendant refused. He had removed the
books, records, papers and property of the copartner-
ship from its office in Granville to the place where the
quarry was located in Vermont on the day which in-
tervened between the granting and service of said
order. It is now claimed that the order appointing
the receiver was beyond the power of the justice to
grant. However this may be, it has not been vacated.
On November 17, 1913, defendant filed a bill in chan-
cery in the state of Vermont, county of Rutland,
against plaintiffs for the dissolution of said copartner-
ship and for the appointment of a receiver. The pa-
pers in the action were served upon plaintiffs outside
of the state of Vermont and in the village of Gran-
ville on November 18, 1913. Among them was an
order of the chancellor directing plaintiffs to show
cause before him at Rutland on November 21, 1913,
why a receiver should not be appointed in that state.
On that same day, plaintiffs commenced a second
action against defendant in the state of New York to
perpetually restrain and enjoin him from prosecuting
or taking any steps or proceedings in the action
brought by him in the state of Vermont. The summons
and complaint in this action were also served upon
defendant, personally, in said village of Granville, and
with them was served an order to show cause, granted
by the county judge of Saratoga county, with a pre-

liminary injunction, restraining defendant until the
return of said order from prosecuting such action or
taking any steps or proceedings therein.  Defendant
thereupon went to Vermont and has remained out of
the state of New York since that time.  Notwithstand-
ing the order, he thereafter caused an amended bill of
complaint to be filed in his suit in the state of Ver-
mont, by which certain creditors, who had attached
the partnership property in that state, were added
as parties, and he also appeared on the argument be-
fore the chancellor, on November 25, 1913, for the
appointment of a receiver in that state and conferred
with and directed his attorneys therein.  Plaintiffs
were represented on said argument by attorneys and
sought to have the powers of the New York receiver
extended to the property in Vermont.  The chancellor,
however, declined and appointed a Vermont receiver.
Defendant, then, has deliberately violated two orders
of this court and is in contempt.

The parties reside in this state.  Plaintiffs have
brought their actions in the Supreme Court of this
state, and all of the papers in same have been served
upon defendant personally in this state.  This court
has acquired jurisdiction of the person of defendant
and acquired such jurisdiction before defendant filed
his suit in chancery in the state of Vermont.  And the
papers in that suit were not served upon plaintiffs
personally in that state, so that the Vermont court
has not yet acquired jurisdiction of the persons of
plaintiffs.  Moreover, the action is an equitable one
for the dissolution of a copartnership.  The venue in
such an action is determined by the residence of the
parties and not by the locality of the copartnership
assets, even when such assets include real estate, so
that initial proceedings should be had at the place of
domicile, and the other receivership should be ancil-

lary thereto. 30 Cyc. 559, 717; *Hutchinson* v. *American Palace Car Co.*, 104 Fed. Repr. 182. In the *Hutchinson* case the court says: "It is true that every state is entitled to take control, according to its own local rules, of property lying within it, and this independently of the question of domicile; so that under exceptional circumstances, there is no doubt that a local tribunal may properly constitute a receivership of assets actually within its jurisdiction, independently of any question of domicile. Nevertheless, where the purpose is to wind up a corporation, * * * on account of alleged insolvency or fraudulent transactions, or where it is desired to obtain a general receivership, as this expression is commonly understood, initial proceedings should be had at the place of domicile, and the other receivership should be ancillary thereto." While proceedings in this state for the dissolution of a copartnership and the appointment of a receiver have no extra-territorial effect over the disposition or possession of property situate in a sister state, except as they may be permitted to have effect through the courtesy of the courts of that state, nevertheless, it seems to be settled that the courts of this state have authority to act upon residents of this state personally with reference to suits in a sister state, as the ends of justice may require, and, with that view, to order them to take or to omit to take any steps or proceedings in the same state or a sister state. Story Eq. Juris. §§ 899, 900; *Cole* v. *Cunningham*, 133 U. S. 107; *Phelps* v. *McDonald*, 99 id. 298; *Vail* v. *Knapp*, 49 Barb. 299, 305.

In the *McDonald Case, supra,* the court says: "Where the necessary parties are before a court of equity, it is immaterial that the *res* of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the

power to compel the defendant to do all things necessary, according to the *lex loci rei sitae,* which he could do voluntarily, to give full effect to the decree against him. Without regard to the situation of the subject matter, such courts consider the equities between the parties and decree *in personam* according to those equities and enforce obedience to their decrees by process *in personam."* So that, notwithstanding the facts that the quarry and some or much of the property of the copartnership are located in the state of Vermont, this court may and, under the exceptional circumstances of the case, should, so far as it can, compel defendant to comply with its orders. The cases cited by defendant (*Montana Ore P. Co.* v. *Butte & B. C. M. Co.,* 44 App. Div. 136; *Johnstown Mining Co.* v. *Butte & B. An. M. Co.,* 60 id. 344; *White* v. *Caxton Book Binding Co.,* 10 Civ. Pro. 146; *Atlantic & Pacific Tel. Co.* v. *B. & O. R. R. Co.,* 46 N. Y. Super. Ct. 377; *Matter of Hughes Co.,* decided by Mr. Justice Henry T Kellogg, unreported) did not involve the relations and conditions which exist in this case, and those were cases where efforts were made in the courts of this state to control the actions of courts or of officers of courts of sister states, after jurisdiction had been acquired by the latter.

The motion should be granted, with ten dollars costs.

Motion granted, with ten dollars costs.